```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

_____

WEBSTER CHRYSLER JEEP, INC., and
RANDY HENDERSON, AS ITS PRESIDENT,

                               Plaintiffs,          08-CV-6535

                     v.                         **DECISION**
                                                         **and ORDER**

CHRYSLER HOLDING LLC, CHRYSLER, LLC,
DAIMLERCHRYSLER FINANCIAL SERVICES
AMERICAS LLC, CHRYSLER MOTORS LLC, and
CHRYSLER REALTY COMPANY LLC,

                               Defendants.

_____

## INTRODUCTION

Plaintiffs Webster Chrysler Jeep, Inc., ("Webster") and Randy Henderson ("Henderson") as President of Webster, bring this action against defendants Chrysler Holding LLC, Chrysler, LLC, Daimlerchrysler Financial Services Americas LLC, Chrysler Motors LLC, and Chrysler Realty Company LLC pursuant to the Automobile Dealer's Day in Court Act ("ADDCA"), codified at 15 U.S.C. §§ 1221-1226, the Equal Credit Opportunity Act ("ECOA"), codified at 15 U.S.C. §§ 1691-1691f, and several state statutory and common law causes of action claiming that the defendants, inter alia, attempted to wrongfully terminate the plaintiffs' motor vehicle franchise.

Plaintiffs commenced this action on November 25, 2008. Thereafter, defendants Chrysler, LLC, Chrysler Motors LLC, and Chrysler Realty Company LLC, filed for Chapter 11 bankruptcy in the Southern District of New York. Defendants Chrysler Holding LLC, and

Daimlerchrysler Financial Services Americas LLC are not parties to the bankruptcy proceedings.

Defendant Chrysler Holding LLC, ("Chrysler Holding" or "defendant") now moves to dismiss plaintiffs' Amended Complain on grounds that the Amended Complaint fails to state a claim against Chrysler Holding.  Specifically, Chrysler Holding contends that it is not a proper defendant for purposes of plaintiffs' ADDCA claim because it was not a party to the franchise agreement entered into by the plaintiffs.  The defendant claims that as a matter of law, it can not be held liable under the ADDCA because it was not a party to any agreement with the plaintiffs.  Chrysler Holding further claims that it may not be held liable to the plaintiffs under the ECOA because it is not a creditor of the plaintiffs.  Finally, defendant contends that the plaintiffs have failed to state any claim against it under state statutory or common law, and that in any event, because the court lacks original jurisdiction over Chrysler Holding, the court should dismiss the pending state claims against it.

Plaintiffs oppose defendant's motions on grounds that Chrysler Holding, as the parent company of the other named defendants, is liable to the plaintiffs as a principal under an agency theory. Plaintiffs further argue that because no discovery has taken place, and because the various Chrysler defendants and entities have complex interrelationships, it is impossible at this stage of the litigation to know exactly what role Chrysler Holding played with respect to any

franchise or finance agreements entered into by the defendants with the plaintiffs, and therefore the plaintiffs should be allowed to engage in discovery to ascertain Chrysler Holding's role in allegedly attempting to wrongfully terminate the plaintiffs' dealership.

For the reasons set forth below, I find that defendant Chrysler Holding is not an "automobile manufacturer" as that term is defined under the ADDCA, and may not be held liable as a principal of any agent automobile manufacturer, and therefore, Chrysler Holding is not a proper defendant under the ADDCA. I further find that Chrysler Holding is not a creditor for purposes of the ECOA and may not be held liable as a principal of any agent creditor, and therefore, Chrysler Holding is not a proper defendant under the ECOA. Finally, I dismiss plaintiff's state law causes of action against Chrysler Holding for lack of subject matter jurisdiction over Chrysler Holding.

## BACKGROUND

According to the Amended Complaint, Plaintiff Webster Chrysler Jeep, Inc., became a franchised Chrysler dealer in 1991 by entering into a franchise agreement with defendant Chrysler Motors, LLC. In 2002, Webster entered into a Master Loan Security Agreement with Chrysler Financial, a predecessor of defendant DaimlerChrysler Financial Services Americas, LLC. The Amended Complaint alleges that in 2007, a private investment group purchased an 80.1% ownership in "Chrysler," and thereby became the 100% owner of the defendant

companies named in this action. Plaintiffs allege that the private investment group created a new company, defendant Chrysler Holding, LLC., which became the parent company of the named defendants.

The plaintiffs allege that the defendants collectively undertook a scheme to illegally consolidate dealerships around the country in violation of the individual dealer's franchise agreements, and federal law. Plaintiffs also claim that the defendants collectively undertook a scheme to extract money from dealerships, including Webster, by altering financing agreements or enforcing provisions which heretofore had never been enforced, thus creating financing defaults by dealers, including Webster, where previously there had been no financing problems.

The plaintiffs further allege that various Chrysler defendants interfered with Henderson's attempt to sell Webster to another dealer or to obtain third-party investments, and improperly froze Webster's line of credit for new and used car purchases. Plaintiffs contend that the Chrysler defendants were improperly attempting to force Henderson to sell his dealership at great loss or to simply relinquish his dealership.

## DISCUSSION

I. <u>Standard of Review</u>

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable

inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted). Moreover, conclusory allegations are not entitled to any assumption of truth, and therefore, will not support a finding that the plaintiff has stated a valid claim. Hayden v. Patterson, 594 F.3d 150, 161 (2nd Circ., 2010). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

II. <u>Chrysler Holding is not a Proper Defendant under the ADDCA</u>

To state a cause of action under the ADDCA, a plaintiff must establish that: "(1) [it is] an automobile dealer; (2) the defendant [is an] an "automobile manufacturer" engaged in commerce; (3) there [is] a manufacturer-dealer relationship embodied in a written franchise agreement; and (4) the plaintiff [has] been injured by the defendant's failure to act in good faith.

In the instant case, it is undisputed that Chrysler Holding is not an automobile manufacturer as that term is defined by the ADDCA.[1] It is further undisputed that there was no franchise agreement between Chrysler Holding and the plaintiffs. Accordingly, plaintiff has failed to establish that Chrysler Holding may be held liable under the ADDCA.

Plaintiffs, however, allege in opposition to the defendant's motion that Chrysler Motors, LLC, the signatory to the franchise agreement with Webster Chrysler Jeep, was acting as an agent at the behest of Chrysler Holding, and therefore, Chrysler Holding is a proper defendant in an act against the automobile manufacturer under the ADDCA.

---

[1] An "automobile manufacturer is defined as "any person, partnership, corporation, association, or other form of business enterprise engaged in the manufacturing or assembling of passenger cars, trucks, or station wagons, including any person, partnership, or corporation which acts for and is under the control of such manufacturer or assembler in connection with the distribution of said automotive vehicles." 15 U.S.C. § 1221(a).

I find this argument to be without merit. Initially, there are no allegations in the Amended Complaint suggesting that Chrysler Motors, LLC, was acting as an agent for Chrysler Holding with respect to the franchise agreement between plaintiff Webster and Chrysler Motors, LLC, and it is not clear whether or not such allegations could be made under Rule 11 of the Federal Rules of Civil Procedure. Additionally, despite the fact that Chrysler Holding is the parent company of Chrysler Motors, LLC, such a relationship does not warrant a finding that Chrysler Motors, LLC is its "agent." Chrysler Holding, LLC, is a separate and distinct corporation from Chrysler Motors, LLC. As such it is entitled to the protections from liability afforded by the corporate form, including protection from the liability of its subsidiary corporations with which it does business. Under New York law, to pierce this corporate veil of protection, the plaintiffs must establish that: "[f]irst the defendant exercised complete domination over the corporation with respect to the transaction at issue. Second, such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil. Liberty Mut. Ins. Co. v. Leroy Holding Co., Inc., 226 B.R. 746, 752 (N.D.N.Y., 1998) (citing Am. Fuel Corp. v. Utah Energy Dev. Co., 122 F.3d 130, 134 (2d Circ., 1997)). In the instant case, plaintiff has failed to allege that Chrysler Holding played any role in the negotiation or entering into of the franchise agreement, or that Chrysler Holding exercised complete domination over Chrysler

Motors, LLC with respect to the termination or attempted termination of the franchise agreement, or that Chrysler Holding used domination over Chrysler Motors, LLC to commit a fraud or wrong upon the plaintiffs.

While plaintiffs claim that they have made such allegations in their Amended Complaint, the court cannot make such a determination because the substantive allegations of the amended complaint are directed towards "Chrysler," a term intended to refer to all of the defendants, rather that Chrysler Holding. Accordingly, the court cannot discern which allegations are directed towards Chrysler Holding, and which are directed towards the other defendants named in the Amended Complaint. In any event, the allegations of the Amended Complaint fail to allege facts, as opposed to mere conclusions, that would suggest that Chrysler Holding acted with such dominance over Chrysler Motors, and with the purpose of defrauding the plaintiffs or committing other wrongs against them, that Chrysler Holding could be considered a proper defendant under the ADDCA. I therefore grant defendant's motion to dismiss plaintiffs ADDCA claims.

III. Chrysler Holding is not a Proper Defendant under the ECOA

The ECOA provides, inter alia, that"[i]t shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction-... on the basis of race, color, religion, national origin, sex or marital status, or age." 18 U.S.C. § 1691(a). Accordingly, to state a claim under the ECOA, the

plaintiff must allege that his rights were violated by a "creditor" as that term is defined in the Act. The ECOA defines a "creditor" as "any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." 15 U.S.C. § 1691a(e).

In the instant action, there is no allegation that Chrysler Holding is a creditor for purposes of the ECOA. There is no allegation that Chrysler Holding entered into any kind of agreement, financial or otherwise, with the plaintiffs. In short, there is no allegation that the plaintiffs had any relationship of any kind with Chrysler Holding. Because plaintiffs have failed to allege that Chrysler Holding was a creditor as that term is defined under the ECOA, I grant defendant's motion to dismiss plaintiffs' ECOA claims.

Plaintiffs assert, as they did with respect to their ADDCA claims, that Chrysler Holding may be held liable as the Parent Company of subsidiary that entered into contractual relations with Webster and/or Henderson. Specifically, the plaintiffs allege that DaimlerChrysler Financial Services Americas, LLC is a creditor of Webster, and that DaimlerChrysler Financial Services Americas, LLC was acting as Chrysler Holding's agent. The Amended Complaint, however, lacks any factual allegations plausibly suggesting that DaimlerChrysler Financial Services Americas, LLC was acting as

Chrysler Holding's agent with respect to any of the transactions giving rise to plaintiffs' ECOA claims. As a result, I find that plaintiff has failed to state a cause of action against Chrysler Holding under the ECOA.

IV. State Law Causes of Action

Plaintiffs allege several state law causes of action against Chrysler Holding. Pursuant to 28 U.S.C. 1367(c)(3), where a district court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise jurisdiction over state law claims. Because the federal claims of plaintiffs' Complaint have been dismissed, I decline to exercise jurisdiction over plaintiffs' remaining state law cause of action. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966)(authorizing district court to dismiss state and common law claims for lack of jurisdiction when all federal claims have been dismissed).

CONCLUSION

For the reasons set forth above, defendant's motion to dismiss all claims against Chrysler Holding is granted. All claims remain pending against the non-moving defendants, subject to the bankruptcy stay against defendants Chrysler, LLC, Chrysler Motors LLC, Chrysler Realty Company LLC. This matter is referred to Magistrate Judge Jonathan W. Feldman for scheduling and further proceedings consistent with this Decision and Order.

**ALL OF THE ABOVE IS SO ORDERED.**

                                       s/Michael A. Telesca
                                       MICHAEL A. TELESCA
                                     United States District Judge

Dated: Rochester, New York
       December 13, 2010